FILED
SUPERIOR COURT
OF GUAM

2019 MAY 14 AM 10: 48

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| In the matter of the Guardianship of<br><br>Yuk Lan Moylan | Case No. SP0106-07<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Petitioner Ms. Lina Leialoha M. Alston has petitioned the Court to appoint her special guardian of the estate of her mother. This matter is before the Honorable Michael J. Bordallo. Petitioner Lina Leialoha M. Alston ("Ms. Alston") is represented by attorney Jacqueline Taitano Terlaje of the Law Office of Jacqueline Taitano Terlaje, P.C. Petitioner Richard E. Moylan ("Mr. Moylan") is represented by attorney Douglas B. Moylan of the Law Offices of Douglas B. Moylan. The proposed ward in this matter is the mother of Ms. Alston and Mr. Moylan, Mrs. Yuk Lan Moylan ("Mrs. Moylan"), a senior citizen, age 100. Having considered the arguments and the applicable law, the Court hereby **DENIES** Ms. Alston's petition.

## BACKGROUND

This matter arises out of Ms. Alston's Verified Petition for the Appointment of Special Guardian of the Estate ("Petition"), filed Dec. 20, 2018. Mr. Moylan filed an objection on Jan. 17, 2019. The Court held a hearing on Feb. 20, 2019 and took the matter under advisement.

*ORIGINAL*

## FACTS

1. Ms. Alston was originally appointed as Special Guardian of Mrs. Moylan's estate on Sep. 5, 2017. Ms. Alston carried out the role for over a year.

2. Mr. Moylan appealed Ms. Alston's appointment as Special Guardian, and the Supreme Court of Guam released a decision on Dec. 20, 2018 ("Dec. 20 Decision") vacating Ms. Alston's appointment and remanding proceedings to this Court.

3. The court vacated the appointment because Guam law requires the Superior Court to provide notice of a competency hearing to the proposed ward not less than five days before the hearing but failed to do so.

4. The same day the Supreme Court of Guam issued the Dec. 20 Decision, Ms. Alston filed the current Petition to become guardian of Mrs. Moylan's estate.

5. Mr. Moylan filed the Objection to the Petition on Jan. 17, 2019.

6. On Feb. 20, 2018, a hearing on the matter took place at this Court ("Hearing"), in which the Court heard testimony from witnesses concerning the competency of Mrs. Moylan and the fitness of Ms. Alston as proposed guardian of the estate.

7. The matter is now before the Court.

## ISSUE

1. Whether to grant the Petition in spite of Mrs. Moylan not receiving notice of the competency hearing.

## PRINCIPLES OF LAW

Guam law states that any relative or friend may file a petition alleging that a person is insane or incompetent. 15 GCA § 3802 (2005). Upon such a petition being filed, the clerk of court must set a hearing about the petition and must provide notice to the alleged insane or

incompetent person of the time and place of the hearing. Id. Notice of the hearing must be given to the potential ward no less than five days before the time appointed for the hearing.

## ANALYSIS

The Court in this case has seen no evidence that Mrs. Moylan received any notice of the Hearing, let alone evidence that she received notice at least five days before the Hearing. Guam law requires that Mrs. Moylan be given notice at least five days before such a hearing. In addition, the Supreme Court of Guam emphasized this technical rule in the Dec. 20 Decision. The court stated, "While this might appear to be a technical requirement, it must be followed because guardianships place restrictions on a ward's liberty interests and the corresponding statutes must be strictly construed." In the Matter of Guadianship of Moylan, 2018 Guam 21 ¶ 13. In that case, the guardianship hearing was held with only four days of notice to Mrs. Moylan, and as a result, the Supreme Court of Guam vacated the appointment of Ms. Alston as guardian of the estate. The Court will not repeat that scenario here, although it may seem strange that Mrs. Moylan must be served with notice at all considering that she has been under the care of a personal guardian and professional caregivers for over 10 years due to her well-documented incompetence. Still, in keeping with Guam law, the Court will deny the Motion because Mrs. Moylan did not receive notice of the Hearing at least five days in advance.

## CONCLUSION AND ORDER

For the above reasons, the Court **DENIES** Ms. Alston's Verified Petition for the Appointment of Special Guardian of the Estate.

SO ORDERED, this ___14___ day of ___May___ 2019

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT POX**

I acknowledge that a copy of the original hereto was placed in the court box of:

JS MOYLAN
FT PERLATE

MAY 14 2019 Date:_____ Time: 10 50 am

Deputy Clerk, Superior Court of Guam

Page 3 of 3